PEOPLE, PLAINTIFF AND APPELLEE, v. ORTIZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Guayama in a Prosecution for Assault and Battery.

No. 1741.—Decided May 26, 1921.

ASSAULT AND BATTERY—EVIDENCE—PRESUMPTION.—In the prosecution of a criminal cause where the age of the defendant is an essential element of the crime, as in assault and battery upon a woman by an adult male, the record must show that the judgment was based on the evidence, there being no presumption that the court estimated the age of the defendant from his appearance.

The facts are stated in the opinion.

*Mr. José J. Aponte* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

At the trial of this case there was absolutely no evidence to show that the defendant, charged with being an adult male and beating a woman, was in fact such an adult. This was apparently error as decided by our opinion in *People* v. *Colón,* 25 P. R. R. 586.

The district attorney attempts to distinguish the case by saying that where a misdemeanor is being tried and the defendant is not present and represented by counsel, there would be no means of judging his age.

We can not agree with the district attorney. On a trial of a criminal case it should definitely appear in the record that defendant was convicted on proof. In spite of the fact that it was shown that the defendant's child got into diffi-

culties with the woman assaulted would not be certain proof
that the defendant was over 21 years of age. He might
have been the father of a child four or more years old and
still not be 21 years of age.

The record should show in any event that the court took
a look at the defendant and judged of his age. In the case
of *Tracy* v. *The State,* 44 Texas, 10, the court says:

"In the statement of facts the defendant is spoken of as a man
who kept an hotel and wore whiskers, and the party that was beaten,
when spoken of as a witness, is called Nancy Sheppard, whose given
name is usually that of a female, and when therein designated as
the person beaten is spoken of as 'she.'

"When there is thus in open court a patent recognition by all
the parties concerned in the trial of the existence of necessary facts,
they may well be presumed to exist, unless the party interested in
their non-existence should avail himself of the opportunity at the
proper time to institute a more minute and searching investigation
of the subject, for the purpose of rebutting the obvious appearances
and assumptions."

Apparently, in this statement the Texas court decides
that the defendant either waived the matter of his being an
adult or is estopped to raise such question, not having pre-
sented it in the court below. In the case before us, however,
the defendant offered no proof and filed a motion of non-
suit because it was not proved that the defendant was an
adult. So, evidently, the defendant did not waive any of his
rights, but distinctly drew the attention of the district court
to the fact that his being of age had not been proved, and
hence this case can be readily distinguished from *Tracy* v.
*The State, supra,* even if the district attorney were relying
on this matter of waiver.

The judgment in this case found the man guilty of ag-
gravated assault and battery and sentenced him to pay $50,
or to suffer a day in jail for every dollar that he failed to

pay.   The fine of $50 is the maximum for simple assault and battery and is the minimum for aggravated assault and battery.   We have frequently modified judgments of this kind, reducing them to judgments of simple assault and battery, and we shall do so in this case, because even if the defendant was not technically an adult, he was necessarily so nearly of age that his offense was a grave one in striking a woman. Even a youth could not learn too early that he must not lay violent hands on a woman, and therefore the judgment will be modified in this case to read that the defendant is guilty of simple assault and battery and sentenced to pay $50 fine, or to suffer a day in prison for every dollar that he fails to pay.

*Modified and affirmed.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.